**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDAL JEROME DALAVAI, | No. 25-2109; 25-3830 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-01471-CAB-DDL |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| RANDAL JEROME DALAVAI, | No. 25-3495 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-01471-CAB-DDL |
| v. | |
| DANIEL CALAC, Dr. , M.D. an individual; LAURENCE H. BOGGELN, Dr, M.D., an individual, | |
| Defendants - Appellees, | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Randal Jerome Dalavai appeals pro se from the district court's final judgment and orders dismissing his claims and denying default judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in dismissing the 42 U.S.C. § 1983 claims in the Second Amended Complaint against Universal Health Services of Rancho Springs, Inc. dba Southwest Healthcare Inland Valley Medical Center ("IVMC"), for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (standard of review). Even construed liberally, *see Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), the complaint does not plead state action by IVMC. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("[T]he plaintiff must allege facts tending to show that [the defendants] acted under color of state law or authority." (citation modified)). The decision to admit Ms. Dalavai as an inpatient to IVMC, a private

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hospital, was made by IVMC physicians. IVMC's compliance with Medicare and Medi-Cal regulations relating to coverage of inpatient treatment does not transform that medical decision by private parties into state action. *See Blum v. Yaretsky*, 457 U.S. 991, 1010 (1982).

2. We affirm the dismissal of Counts 1–4 of the Second Amended Complaint against Donna Loza and Deo Besana, on the ground that the district court lacked subject matter jurisdiction. To invoke federal jurisdiction, a plaintiff must plead facts demonstrating Article III standing: injury in fact, causation, and redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). And "a plaintiff must demonstrate standing . . . for each form of relief sought." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021) (citation modified). Ms. Dalavai's inpatient admission was determined by IVMC, not "retroactively" by Loza and Besana in their investigation. Dalavai brings his claims against Loza and Besana, but he does not allege facts showing his injury is traceable to them nor how enjoining them would redress it. *See Murthy v. Missouri*, 603 U.S. 43, 62–63 (2024); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

3. The district court did not err in dismissing all claims against the Regents of the University of California (the "Regents"). Dalavai pled Counts 6–8 of the Second Amended Complaint contingent on Counts 1–4. Therefore, we affirm the dismissal of Counts 6–8. *See* Fed. R. Civ. P. 18(b). Dalavai does not challenge the

district court's refusal to exercise supplemental jurisdiction over his state-law claims in Counts 9–13 of the Second Amended Complaint. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (Issues not specifically and distinctly argued in the opening brief are forfeited.). We deny Dalavai's request to vacate the district court's alleged timeliness ruling; the district court made no such ruling because it declined to exercise jurisdiction.

4. The district court did not err in dismissing Count 14 of the Second Amended Complaint for failure to state a fraudulent misrepresentation claim against Drs. Calac and Boggeln. The complaint does not plead that Drs. Calac and Boggeln made the October 16 misrepresentation, nor that they had the requisite knowledge or intent when making the hospice certification. *See Lazar v. Superior Ct.*, 909 P.2d 981, 984–85 (Cal. 1996); *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1470 (Cal. Ct. App. 2014).

5. The district court did not abuse its discretion in denying leave to amend because it correctly determined that amendments would be futile. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1190–91 (9th Cir. 2024). Dalavai is precluded from relitigating the issue of his mother's inpatient status at UCSD and the Regents' liability under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. *See Dalavai v. Regents of the Univ. of Cal.*, No. 23-55412, 2024 WL 3842100, at *1 (9th Cir. Aug. 16, 2024); *Snoqualmie*

*Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021). Thus, no amendments would allow Dalavai to plead EMTALA claims against the Regents or standing for injunctive relief against Loza and Besana. *See Brown v. Brita Prods. Co.*, 172 F.4th 1113, 1119–20 (9th Cir. 2026) (holding that the district court did not err in dismissing a complaint without leave to amend where claims "fail[ed] as a matter of law" and no "additional allegations [would] change [that] conclusion"). Nor does Dalavai identify additional facts he could plead that would cure the lack of state action by IVMC or state the missing elements for fraud by Drs. Calac and Boggeln. *See id.*; *In re Cloudera, Inc.*, 121 F.4th at 1190.

6. The district court did not abuse its discretion in denying default judgment on Count 1 of the Third Amended Complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980) (per curiam). "To state a claim under the Due Process Clause, a plaintiff must first establish that he possessed a property interest that is deserving of constitutional protection." *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (citation modified). The California Department of Public Health ("DPH") notified Dalavai "in writing of the department's determination as a result of" its inspection. Cal. Health & Safety Code § 1279.2(d). Dalavai has not identified a source for "a legitimate claim of

entitlement" to the details of DPH's investigation. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

**AFFIRMED.**[1]

---

[1] Dalavai's Motion to Reset Briefing Schedule, *see* Dkt. No. 9, is DENIED as moot.